# Bastian v. Paulhamus, Appellant.

*Judgment—Opening judgment—Evidence—Physician—Malpractice.*

A judge to whom an application is made to open a judgment sits as a chancellor, and the appellate court will examine the record only to determine whether the discretion vested in him has been properly exercised, and will review the action of the court below only when it clearly appears that it has been abused.

A rule to open a judgment entered on a judgment note is properly discharged where it appears that the note was given for medical services, and that the defense set up, alleging malpractice on the part of the plaintiff, was not supported by the testimony of the only medical witness examined.

Argued March 6, 1907.    Appeal, No. 20, March T., 1906, by defendant, from order of C. P. Lycoming Co., Sept. T., 1900, No. 165, refusing to open judgment in case of C. B. Bastian v. G. H. Paulhamus.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.    Affirmed.

Rule to open judgment.

HART, P. J., filed the following opinion.

This is an application to open a judgment entered on a judgment note given by the defendant to the plaintiff for medical attendance and medicine, and to let the defendant into a defense.

The evidence shows that the plaintiff, a practicing physician, attended different members of the family of the defendant professionally, and more particularly the wife of the defendant, from 1897 to 1900.

In 1897 defendant's wife gave birth to her sixteenth child.

The plaintiff attended her in that confinement. The patient did not get along well thereafter and plaintiff was frequently called in to attend her and treat her. The patient did not improve under the treatment, had much pain and distress, and her mind more or less affected, and was finally taken to the Williamsport Hospital, where an examination made by Dr. Glosser and Dr. Nutt showed a diseased uterus—" the womb much injured and out of place," the uterus much inflamed and showing what the physicians "supposed might be the beginning of cancer." An operation was performed and the uterus removed, after which the patient regained her health and increased in weight from ninety pounds to 140 pounds.

The plaintiff treated the patient for womb disease, as is plainly shown by the testimony of the defendant. He says, " He came and visited her and gave her local treatment occasionally. Q. What were the treatments? A. I do not know, really. Some local treatment that he inserted on the womb. Q. Did he tell you at any time what was the trouble? A. No, he never told of the condition she was in.

Dr. W. E. Glosser, who assisted at the operation, is called as a witness for the defendant, who gives it as his opinion that the condition of the uterus was due to a tear of the cervix at childbirth, but cannot say at which birth, might have been at any one of the sixteen, most likely at first or second, and which he says is of frequent occurrence ; and says, " sometimes these tears heal up themselves, they heal up to such an extent that they never give any trouble afterwards, but where a woman bears children frequently they are usually kept irritated instead of getting better of their own accord. Sometimes they treat them locally, sometimes with very good effect, sometimes with practically no effect." " Q. From the examination that you made before the operation, state whether or not, in your opinion, the attending physician had used proper care and skill in treating this womb? A. This is a question you can't tell; because a case may look one way one day, and may look entirely different to another physician who is equally skilled."

The witness did not say that the plaintiff's treatment was unskillful or negligent, and says the operation was performed in time to effect a cure. That operations are not performed in over ten per cent of cases of uterine tears, and again says

341, (1907).] Opinion of Court below—Opinion of the Court.

there was no evidence of negligence on the part of the plaintiff in his treatment of the case.

Negligence is not presumed in any case, and before the defendant can avail himself of such defense to this judgment, he must prove negligence by the testimony of witnesses competent to judge of such negligence.

The only witness called competent to testify upon the question of the plaintiff's negligence is Dr. Glosser, who does not testify that the plaintiff was either negligent or unskillful, but on the other hand positively testifiés that he discovered no evidence that would justify a conclusion from a medical standpoint that the treatment followed by the plaintiff was not proper and such as might have been followed by a skilled physician.

DeLong v. Delaney, 206 Pa. 226; Wurdemann v. Barnes, 92 Wis. 206 (66 N. W. Repr. 111); Wood v. Barker, 49 Mich. 295 (13 N. W. Repr. 597); Spaulding v. Bliss, 83 Mich. 311 (47 N. W. Repr. 210), and kindred cases, establish the rule that medical testimony is necessary to establish the fact as to whether or not a certain treatment was negligent or not; and that without the aid of such testimony no recovery can be had for negligence, and for the same reason could not be made available as a defense in resisting a claim for payment of medical services rendered.

And now, February 12, 1906, rule discharged.

*Error assigned* was the order of the court.

*J. F. Strieby*, for appellant.

*Emerson Collins*, for appellee.

PER CURIAM, April 15, 1907:

This is an appeal from an order discharging a rule to show cause why judgment entered by confession upon a promissory note in July, 1900, should not be opened.   The note was given for medical services rendered by the plaintiff to the defendant's wife and other members of his family.   It is not alleged that any fraud was practiced upon the defendant to obtain the note, but that the plaintiff was negligent in the treatment of the de-

fendant's wife, and that this fact was not discovered by the defendant until later. The defendant's delay in moving to open the judgment is a circumstance which would be entitled to consideration. But apart from that, the allegation of negligence was not sustained by the quantity and quality of proof which is required to move a chancellor to open a judgment for services admittedly rendered. First, it does not clearly and satisfactorily appear that the plaintiff did not make the examination which it is claimed ought to have been made in the exercise of due skill and care. Second, the medical witness who was called by the defendant to establish want of skill in this particular would go no further than to say that " it was a little unfortunate that examination was not made," but in the same connection he testified, " I would not say that it reflected on the skill of the physician, even if he found that treating her upon the lines of his conception of the case and the trouble did not improve her." This extract with others quoted in the opinion of the learned president judge shows the tenor of this witness's testimony. To have opened the judgment in order that a jury might be permitted to guess first, that the plaintiff did not make the examination which it is claimed he ought to have made, and second, that he was negligent in not doing so, would not have been warranted in the exercise of a sound discretion. The learned judge below, in an opinion filed, has fairly reviewed the salient features of the testimony bearing upon the question, and has made it quite clear that a case was not made out for opening the judgment. We will add nothing further to what he has said upon the subject, but will only suggest what is so well settled as not to require citation of authority, that the judge to whom such application is made sits as a chancellor, and the appellate court will examine the record only to determine whether the discretion vested in him has been properly exercised, and will review the action of the court below only when it clearly appears that it has been abused. In our view the court wisely exercised the discretion vested in it. Therefore the order is affirmed and appeal dismissed at the cost of the appellant.